Irving Kirschenbaum, J.
Motion for an order enjoining defendant from refusing to accept payment tendered by plaintiff is granted.
Heretofore, defendant landlord commenced a summary proceeding against plaintiff, the prime tenant of the subject premises, a 14-story building containing about 185 commercial and residential undertenants. This proceeding was settled in open court pursuant to a stipulation entered into between the parties which provided for final judgment to be entered in the landlord’s favor and for the issuance of a warrant of posses *408 sion. The execution of the warrant was stayed on condition that plaintiff make certain payments of rent and tax arrears. These payments were to be made from June to December, 1976 and upon making the final payment which was due on December 16, 1976, the warrant was to be vacated. Plaintiff made all the required payments on or before the due date through November, 1976. With respect to the final payment of December 16, upon plaintiff’s default in making same, defendant immediately obtained a warrant of eviction. On December 23, 1976, when the Marshal arrived to carry out the eviction, plaintiff tendered a certified check to the Marshal for the entire sum due but the check was refused and the Marshal took possession of the premises.
Plaintiff is the lessee of the premises under a 21-year lease which expires in 1982 and is renewable for three periods of 26 years each or for a total of 99 years. Its equity in the lease is worth approximately $350,000.
While the stipulation heretofore entered into between the parties can in no manner be characterized as unconscionable, it is apparent that as a result of plaintiff’s breach thereof, the penalty to be imposed is unconscionable, especially by virtue of the fact that plaintiff’s breach was of such short duration as to visit no consequential harm upon the defendant. In tendering the final payment one week after the due date, defendant was in no manner prejudiced to an extent even remotely warranting the harsh penalty sought to be imposed.
Plaintiff is faced with irreparable injury, has no adequate remedy at law and in addition, a balancing of the equities mandates a granting of the interim relief presently sought herein.
The motion is accordingly granted and upon settlement of the order to be entered herein, recommendations with respect to the amount of plaintiff’s undertaking will be entertained by the court.
(On reargument, March 22, 1977)
Motion for an order for leave to reargue motion is denied. The moving papers are devoid of any meritorious or sufficiently persuasive ground to warrant any departure whatsoever from the determination initially rendered herein. Furthermore, reargument, when granted, is limited solely to such matters as were presented to the court upon the occasion of *409 the original submission of the motion, and the movant may not, as has been attempted herein, introduce new matter at this stage of the proceedings.
The court heretofore found that while the stipulation between the parties was not unconscionable, the penalty sought to be imposed, by virtue of the short duration of plaintiffs breach of the stipulation, was, however, unconscionable, and that a balancing of the equities mandated a granting of the interim relief sought by plaintiff.
In view of the foregoing finding, plaintiffs application for a declaratory judgment to the effect that the stipulation itself was unconscionable cannot be granted, nor is there any warrant for the imposition of any damages suffered by plaintiff as a result of the defendant having temporarily taken possession of the subject premises. In the complete absence of any genuinely disputed issues, the cross motion for an order for summary judgment is granted as to the remaining relief sought by plaintiff in the underlying action for a declaratory judgment.